## CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF SOUTH CAROLINA.

Justices of the Supreme Court during the Period comprised in this Volume.

Hon. HENRY McIVER, Chief Justice.
Hon. SAMUEL McGOWAN, Associate Justice.
Hon. YOUNG J. POPE,          "          "

## COBB v. FANT.

1. LIFE TENANT—ACCUMULATIONS.—A mother transferred bank stock to a trustee in trust "to pay the dividends, income, issues, and profits thereof, as they may accrue, to me for and during the term of my natural life, and at my death to continue the collection of the same and divide them, that is, the income and profits, equally between my said daughters, for and during the terms of their natural lives," with directions for sale and division of the stock among the issue of the daughters in remainder. At the time of the transfer, undivided profits had already accrued, and, while dividends were declared and received by the mother every year, other profits were made and accumulated until the bank closed its business and distributed its assets, when the accumulated profits amounted to 400 per cent. in all. *Held*, that the *cestui que trust* for life was entitled to all the profits which accumulated after the date of the deed, but that profits already accrued at that date were a part of the *corpus* of the trust estate.

2. TRUSTEE—COMMISSIONS.—In such case, the trustee is entitled to commissions as his compensation, the amount whereof is fixed by law at 2½ per cent. on all moneys received and 2½ per cent. on all moneys paid out.

3. IBID.—COUNSEL FEES.—Whether the trustee is entitled to an allowance for counsel fees can be determined only by reference after notice to the parties.

Before KERSHAW, J., Anderson, November, 1891.

This was an action by Martha M. Cobb against O. H. P. Fant, trustee, Anna V. Scudday, and others. The case turned upon the construction of the following deed:

Know all men by these presents that I, Martha M. Dawson, of the town of Anderson, in the State aforesaid, in consideration of the natural love and affection which I have and bear to my two daughters, Anna Virginia and Mary Emma Dawson, and in the further consideration of the sum of three dollars to me in hand paid by O. H. P. Fant, of said town, the receipt whereof is hereby acknowledged, do hereby transfer, assign, and set over, together with the assignment made on the scrip unto the said O. H. P. Fant, five shares of stock in the State Savings and Insurance Bank of Anderson, South Carolina, and thirty-eight shares of stock in the National Bank of Anderson, South Carolina, of the par value of one hundred dollars per share, for the following uses and trusts, that is to say: In trust for my own use—that is, to pay the dividends, income, issues, and profits thereof as they may accrue to me for and during the term of my natural life, and at my death to continue the collection of the same and divide them, that is, the income and profits, equally between my said daughters for and during the term of their natural lives; and if either of them die leaving no issue surviving her, then the profits of the whole to be paid to the survivor for life; and if the said survivor then dies leaving no issue, then to such persons as would be my heirs at law in this State. But should my said daughters die leaving issue, then their respective shares, that is, one-half for each, shall be sold and reduced into money, unless it can be conveniently divided into specie, and the proceeds equally divided among the issue, the child or children of any deceased child to take the share to which the parent would be entitled if living, precisely as it would go under the statute of distributions now of force in this State. And should circumstances arise making it of interest to said parties to change said investment, then the said O. H. P. Fant shall be authorized to sell said bank stock and re-

invest in such investments or property as he may think best for the interest of the parties, on my written request during my life and that of my daughters after my death, and so continue to sell and reinvest as often as desired by them, provided said sale and investment meets his own approbation; and should the said O. H. P. Fant die before the execution of his trust, another trustee in his place and stead, and with all his powers herein stated, may be appointed by me in writing, which power is herein reserved, if in my life, and by my daughters, or the survivor, if after my death.

Witness my hand and seal, July 24, 1875.

M. M. DAWSON. [L.S.]

In presence of Joseph N. Brown.

The decree of the Circuit Judge, omitting its statement of this deed, was as follows:

At the date of the execution of the said deed, plaintiff placed in the hands of the defendant, O. H. P. Fant, forty-three shares of bank stock of the banks named in the said deed, of the par value of forty-three hundred dollars, subject to the uses and trusts of the said deed. The trustee collected and paid over to the plaintiff the semi-annual dividends on said bank stock as the same accrued, but a large portion of the earnings and profits on said stocks were held by the banks as accumulated profits, to be paid to the stockholders at some future time, and they are now about to be divided between the stockholders, both of said banks being in process of liquidation. The complaint states that the accumulated profits now amount to about fifteen thousand dollars, which is not denied by the answer. At the time of the execution of said deed, the accumulated profits which had accrued previous to that time was 26 and 7–10, and the value of the stock at that time was consequently one hundred and twenty-six and 70–100 dollars per share.

The plaintiff demands judgment that she is entitled to the accumulated profits on said stocks, and that the trustee be required to account for all such portion of the same as may already have been paid to him, and that he be required to pay the same over to the plaintiff, together with all other and further sums that may hereafter be received by him as profits on said stocks, reserving the original amount of forty-three hundred dollars to be invested

according to the terms of the trust. The answer of the trustee contends that under said deed the plaintiff is not entitled to the accumulated dividends on the stock, and insists that the same becomes a portion of the capital of the fund to be divided among the remaindermen after the termination of the life estate of the plaintiff.

After hearing and considering the pleading and the arguments of counsel, and the authorities cited, I am constrained to take the view contended for by the plaintiff. The early English rule was that the extra dividends or additions to the usual annual dividends, whether paid in cash or in capital stock, went to the *corpus* of the trust. But this rule was abandoned as unjust, and it is now uniformly held that cash dividends, extra dividends, or bonuses, declared from the earnings of corporations are income, and go to the *cestui que trust*, and such is the rule in the United States. See 5 Am. & Eng. Encycl. L., 736 *et seq*. The accumulated dividends are certainly profits of the stock, and the general rule in such cases is that the profits enure to the life tenant, and to the same purport are the terms of this trust. It cannot be left to the discretion of the banks to withhold any portion thereof from the life tenant, or at their will to increase the capital at the expense of those entitled to the income. Although there is some conflict in the authorities upon the question, it appears to me, upon principle and sound reason, that plaintiff is entitled to the relief demanded.

It is therefore ordered and adjudged, that the said O. H. P. Fant, trustee, after paying the costs of this proceeding, and retaining to himself $2\frac{1}{2}$ per cent. commissions for receiving and paying over the same, do pay to the plaintiff, Martha M. Cobb, life tenant, or her attorney, the remainder of all such sums as he may receive for the accumulated income, issues, and profits, or extra dividends, by whatever name called, directed to be paid to her for life under said deed of trust.

*Mr. Joseph N. Brown*, for appellant.

*Mr. J. L. Tribble*, contra.

March 28, 1892. The opinion of the court was delivered by

MR. JUSTICE MCGOWAN. On July 24, 1875, the plaintiff, then Martha M. Dawson, in consideration of love and affection for her daughters, Anna Virginia Dawson and Mary Emma Dawson, duly executed a deed to the defendant, O. H. P. Fant, of the County of Anderson, conveying to him five (5) shares of stock in the State Savings and Insurance Bank of Anderson, and thirty-eight (38) shares of stock in the National Bank of Anderson, of the par value of one hundred dollars ($100) per share, upon the following uses and trusts: "In trust for my own use: that is to pay the dividends, income, issues, and profits thereof as they may accrue to me, for and during the term of my natural life; and at my death to continue the collection of the same, and divide them, that is, the income and profits, equally between my said daughters for and during the terms of their natural lives; and if either," &c., &c., with limitations over.

It appears that these stocks proved to be a remarkably fine investment. Dividends on the forty-three shares were declared semi-annually, amounting generally to twelve (12) per cent. per annum. These dividends were regularly drawn by the trustee, Mr. Fant, and paid to the plaintiff, the *cestui que trust* for life. And in addition to these dividends paid, it seems that there were very considerable accumulations of "issues and profits" from the 43 shares of stock, amounting to about $15,000, which, as we understand it, was never paid out to stockholders, but kept in bank, having, however, the incidental effect of increasing the market price of the stocks. Now the banks have closed up their business, and are ready to distribute the assets, including these accumulations along with original stocks, as if they had been sold. This made it necessary to determine how these funds should be paid out, as between the plaintiff, *cestui que trust* for life, and her daughters in remainder, &c.

The plaintiff, *cestui que trust* for life, instituted this action against the trustee, Fant, making her daughters and grand-daughters parties, claiming that she is entitled to all the issues and profits on the original shares during her life; that profits have accumulated in bank to the amount of $15,000, which, in winding up the affairs of the bank, she is entitled to receive un-

der the deed, but which the trustee refuses to pay her; and praying that Fant, the trustee, be required to account and pay over to her all the income, issues, and profits on said stock as provided by the deed of trust. The other adult parties put in answers concurring with the prayer of the complaint, and the infants by guardian *ad litem* merely formal answers, submitting their rights to the protection of the court; but the trustee, Fant, in order to protect the rights of the *cestui que trust* in remainder, and also to make himself safe, answered, denying the construction of the trust deed contended for by the plaintiff, and alleging that the increased value of the stocks enured to the benefit of the remaindermen; that at the time of the execution of the trust deed there had already accrued considerable profits, admitted to amount to twenty-six and 70–100 per cent., and continued to increase until it amounted to about four hundred and fifty per cent., &c.

There was no verbal testimony, but upon the papers and the admission of the parties, his honor, Judge Kershaw, decided that "the accumulated dividends are certainly profits of the stocks, and the general rule in such cases is that the profits enure to the life tenant, and to the same purport are the terms of this trust. Although there is some conflict in the authorities upon the question, it appears to me that, upon principle and sound reason, plaintiff is entitled to the relief demanded." And he therefore "ordered that the trustee, O. H. P. Fant, after paying the costs of this proceeding, and retaining to himself $2\frac{1}{2}$ per cent. commissions for receiving and paying over the same, do pay to the plaintiff, Martha M. Cobb, life tenant, or her attorney, the remainder of all such sums as he may receive for the accumulated income, issues, and profits, or extra dividends, by whatever name called, directed to be paid to her for life under the said deed of trust," &c.

From this decree the trustee Fant appeals to this court upon the following grounds: I. Because his honor erred in holding that the accumulated profits of the bank stocks belonged to the plaintiff. II. Because his honor erred in holding that the profits of the bank stocks, earned before the execution of the trust deed, belonged to plaintiff. III. Because his honor erred in holding that the trustee was only entitled to $2\frac{1}{2}$ per cent. for receiving and paying out said accumulated profits to the plain-

tiff, whereas he should have allowed $2\frac{1}{2}$ per cent. for receiving and the same for paying out. IV. Because his honor erred in not allowing the trustee his attorney's fees. V. Because his honor should have adjudged that upon a construction of the deed of trust only the usual dividends of said banks were payable to plaintiff. VI. Because his honor should have adjudged that the accrued profits up to the date of the deed, amounting to twenty-six and 70–100 per cent., was part of the *corpus* of the trust estate, and certainly 20 per cent. thereof required to accumulate by law.

The case is quite remarkable in several respects, and in none more than in the fruitfulness of the bank stock in question. This court is often embarrassed by matters growing out of losses, but rarely by any arising from overflowing profits. As we understand it, Mrs. Cobb occupies a position somewhat analogous to that of a life tenant, who, as a rule, is entitled to the usufruct of the land, or, if the property is money invested. to the interest thereof, leaving the *corpus* for those in remainder. She received good dividends on these stocks, more than the interest allowed by law, and the banks now going into liquidation, the question arises whether she is also entitled to the whole of the accumulations of profits, or the same shall be considered as new capital, upon which she would be entitled to the interest.

Let us first consider how the matter stood at the time of the execution of the trust deed, which was the beginning of the trust relations between these parties. The deed conveyed 43 shares of stock, each share being on its face worth $100 ; but nothing said of its actual value on the market. No reference was made to any profits then accumulated, as a matter distinct and separate from the stock. The only reference to "issues and profits" was to those which were to be "paid to her as they may accrue," manifestly pointing to the future. We think the plaintiff by her deed conveyed to the trustee the legal title, not only to the stock therein described, but also to the profits which had then accrued, as necessary incidents of the stock, making the aggregate of the aforesaid accumulations and the stock the *corpus*, which passed to the trustee. There is no intimation in the

deed of trust that the "profits" which had accumulated at that time were to be paid to the plaintiff.

But the matter is more difficult as to the profits which accrued after the execution of the deed. It is admitted that the Circuit Judge announced the correct rule as to all dividends declared, ordinary or extraordinary; but the trustee suggests that it does not apply to a case like this, where the extra profits have never been declared as dividends at all, so that they could be paid over "as they accrued," but were retained in the bank, which, now closing out, proposes to pay these accumulated profits to the stockholders along with the original stock. He insists that in such case the rule is, that the enhanced price of stock, by reason of dividends earned, but not declared, will be considered as capital and must be reinvested for the benefit of the remaindermen, and cites authorities for the doctrine. Upon general principles there may be some force in this view; but here the trust deed is the law of the case. The plaintiff had the right to make or not to make the deed, as she thought best, and making it, she had the right to frame the terms as she pleased; and she made them so strong that we do not feel authorized to disregard them in favor of any supposed general rule of practice upon the subject. The words are, "In trust for my own use, that is, to pay the dividends, income, issues, and profits thereof, *as they may accrue*, to me during the term of my natural life," &c. It may be that the parties at the time did not contemplate such large profits—that in a comparatively short period they would amount to four times as much as the original stock; but we must construe the deed according to its express terms. We hold that all the issues and profits which accrued after the deed was executed belong to the plaintiff, the *cestui que trust for life*, and that the trustee, O. H. P. Fant, after paying the costs of this proceeding, and retaining proper commissions for receiving and paying over the same, must account for the same to the plaintiff, Mrs. Martha M. Cobb.

As to the amount of commissions to be allowed the trustee. It is true the deed of trust is silent upon the subject, but we do not see why the trustee should not retain the usual commissions, that is to say, $2\frac{1}{2}$ per cent. for receiving and the same for paying over the funds in his hands going to the

plaintiff. In a case proper for commissions, not forfeited by law, it seems to us that the amount is not within the discretion of the court, but is fixed by law and may be claimed as a legal right. Section 1970 (General Statutes) declares that trustees shall be allowed the same commissions for the execution of their trusts as are allowed by law to executors and administrators; and section 1945 provides "that every executor or administrator shall for his, her, or their care, trouble, and attention in the execution of their several duties take, receive, or retain in his, her, or their hands a sum not exceeding two dollars and fifty cents for every hundred dollars which he, she, or they shall receive, and the same sum for every hundred dollars which he, she, or they shall pay away in credits, debts, legacies, or otherwise during the course," &c. As was said by the old Equity Court of Appeals in *Gist* v. *Gist*, 2 McCord Ch., 473, "Commissions are not given for the mere receiving and paying away, but for all the risks and trouble incident to the office of executor." We think the trustee is entitled to the usual commissions of $2\frac{1}{2}$ per cent. for receiving and $2\frac{1}{2}$ for paying out the funds.

It does not appear that the claim of the trustee to be allowed his attorney's fees, as a proper expenditure in the execution of his trust, was considered by the court below. That was a matter which could only be determined by reference, upon notice to the parties. *Hubbard* v. *The Camperdown Mills*, 26 S. C., 581. The Circuit Judge seems not to have decided the question. He makes no reference to the subject in his decree, and we do not think we can decide it as an original question in this court. But as the case has to go back to the Circuit, the question of counsel fees is left open for such action in reference thereto as the respective parties may be advised.

The judgment of this court is, that the judgment of the Circuit Court *be modified* as herein indicated, and that the cause be remanded for such action as may be necessary to carry out the conclusions herein announced.